UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CARGILL, INCORPORATED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   NO. 2:21 CV 402-PPS |
| | ) |
| MARIGOLD, INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Cargill, Incorporated, filed a motion for default judgment against the remaining defendant in this case Marigold, Incorporated, for breach of contract, debt owed under an account stated, and unjust enrichment. [DE 30.] The request is well supported by an Affidavit of Eldin Hasic (attorney of record for Cargill), as well as exhibits to the complaint documenting the contract between the parties and letters regarding Marigold's default and the amount due. [DE 30-1; DE 1-1 through 1-4.] For the following reasons, I will grant Plaintiff's motion for default judgment and grant the requested damages and interest.

**Background**

All of the claims asserted in the complaint relate to a debt Marigold owes Cargill. The case arises out of a contract between Cargill and Marigold for Cargill to supply Marigold with sugar. [DE 1 at 2.] Cargill provides, among other things, food products worldwide and Marigold operated a distribution warehouse and transfer station through which it handles liquid and dry sweeteners for a wide range of companies and

customers. *Id.* Since approximately 2008, Cargill supplied Marigold with sugar. *Id.* Around June 2020, Marigold wanted to enter into a series of sales contracts with Cargill; however, Marigold had a number of past-due and unpaid invoices at that time, including an unpaid balance to Cargill of more than $5 million. [*Id.* at 2-3.] Before allowing Marigold to secure orders from Cargill on credit, Cargill required Marigold to reduce its outstanding balance by making a lump sum payment to Cargill. [*Id.* at 3.] However, Marigold failed to tender all payments due to Cargill pursuant to the following sales contracts: CAK 243565 dated 1/1/21 - 12/31/21; CAK 243689 dated 1/1/21 - 12/31/21; and CAK 244352 dated 1/1/21 - 12/31/21. [*Id.* at 4.]

The last payment received by Cargill from Marigold for purchases made under the sales contracts was on or about September 17, 2021. *Id.* Cargill notified Marigold by letter dated September 24, 2021, that it was in breach of the sales contracts by failing to tender all payments due to Cargill. [DE 1-2.] The letter set forth the total amount due for the sales contracts, telling Marigold it owed Cargill $3,704,179.00 at that time. *Id.* In a letter dated November 3, 2021, Cargill demanded payment from Marigold for the balance due. [DE 1-3.] Marigold never payed the balance. [DE 1 at 5.]

Count I of the complaint is a breach of contract claim against Marigold arising out of its failure to pay amounts due under the contracts for purchase of sugar from Cargill. Count III is an account stated claim against Marigold arising out of the breach of contract. The last claim in the complaint against Marigold is for unjust enrichment.[1]

---

[1]This is Count IV in the complaint, but it is mislabeled and should be Count V. The court will refer to this as Count V.

The complaint alleges that the "total past due amount under the Sales Contracts at that time was no less than $3,704,179 plus interest which continues to accrue." [DE 1 at 4.]

Summons was issued to Marigold on January 3, 2022. [DE 3.] Service was effected on Marigold on March 24, 2022. [DE 7.] Cargill applied for a clerk's entry of default against Marigold, and the clerk entered default against Marigold on March 31, 2022. [DE 8, 9.]

The instant motion for default judgment was filed on October 10, 2023. [DE 30.] Defendant Marigold has not filed an appearance, answer to the complaint, or any response to the motion for default judgment.

## Discussion

Federal Rule of Civil Procedure 55(a) governs the entry of default and default judgment. When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default. Fed. R. Civ. P. 55(a). "Entry of default must precede an entry of default judgment." *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D. Ind. 2005). In this case, the Clerk entered default on March 31, 2022. [DE 9.]

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). I am to consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially

3

prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake*, 433 F. Supp. 2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2683 (3d ed.). All well-pleaded facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008). Nevertheless, an entry of default judgment is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim for relief. *Franko v. All About Travel Inc.*, No. 2:09-CV-233 JVB, 2014 WL 2803987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim."). So long as the allegations are well-pled, a default judgment generally "establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quotation omitted); *see also e360 Insight*, 500 F.3d at 602. "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In other words, I still have to decide whether damages are appropriate, and in what amount.

In turning to the factors to consider when deciding a motion for default judgment, I first note that there is no material issue of fact. To prevail on a breach of contract claim (Count I), under Indiana law, a plaintiff must establish: (1) the existence of a contract; (2) a breach of that contract by the defendant; and (3) damages suffered by the plaintiff as a result of the defendant's breach. *Collins v. McKinney*, 871 N.E.2d 363,

4

370 (Ind. Ct. App. 2007). The facts spelled out in the complaint are clearly stated, uncontested, and establish each of these criteria.

Cargill has shown the existence of a contract with Marigold by establishing the contract name and date for each of the sales contracts with a remaining balance. [DE 1 at 4.] The purpose of the contract was for Cargill to supply Marigold with sugar. Cargill provided the sugar pursuant to the sales contracts, but Marigold did not pay for all of the sugar product it received. And Cargill has suffered damages – in the amount of the unpaid principal plus interest – as a result of the breach. There also is no material issue of fact as to the claim for account stated (Count III) or unjust enrichment (Count V) which Cargill included only if for some reason any of the sales contracts were found to be void or otherwise enforceable.

Given that the facts as alleged state claims for breach of contract, account stated, and unjust enrichment, and there are no material facts at issue with the claims, I will also address the other factors I am to consider before entering a default judgment. The default is not largely technical because Marigold has been given ample time and opportunities to respond to this lawsuit but has failed to do so. Summons was properly served on Marigold along with the complaint on August 4, 2020, and Cargill served its motion for default judgment on Marigold via first-class mail. [DE 3, 7, 30 at 2.] Marigold never filed an appearance, answer, or any response to the motion for default judgment in this case.

The third factor also favors a default judgment because Plaintiff is entitled to a

5

judgment after having suffered damages. Finally, although a default judgment is harsh, Marigold surely is aware of this lawsuit (Plaintiff's attorney represented they had pursued possible alternative resolutions together), and has decided not to participate in the case. Plaintiff is therefore entitled to default judgment on its claims.

Because Plaintiff is entitled to a default judgment on its claims, I must also determine the amount of damages. In the context of a default judgment, the amount of damages must be proven with facts beyond the allegations of the complaint. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co.*, 722 F.2d at 1323. But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, like in this case, such a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602.

Cargill has established that it is owed: $3,704,179.00 in principal due under the contract, $305,773.00 in interest accrued from March 30, 2022 - October 10, 2023 (so a total judgment of $4,009,952.00), plus additional interest in the future until the debt is paid. [DE 30-1 at 3-4.]

## Conclusion

Plaintiff Cargill, Incorporated's Motion for Default Judgment [DE 30] is GRANTED. The Clerk is directed to enter default against Defendant, Marigold, Incorporated, and to enter final judgment on Counts I, III, and V of the complaint in

6

favor of Plaintiff Cargill, Incorporated and against Defendant Marigold, Incorporated. Judgment is ENTERED AS FOLLOWS: $4,009,952.00, plus interest at the federal interest rate for the week of November 13, 2023 (5.35%) calculated from October 10, 2023 through when the judgment is paid.

**SO ORDERED.**

ENTERED: November 16, 2023

                                                s/ Philip P. Simon
                                               PHILIP P. SIMON, JUDGE
                                               UNITED STATES DISTRICT COURT